# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**GEORGE GARCIA**

       **Petitioner,**

**vs.**                             **Case No. 4:13cv35-MW/CAS**

**JULIE L. JONES,[1]**

       **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On January 18, 2013, Petitioner George Garcia, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On March 23, 2013, Petitioner filed an amended § 2254 federal habeas petition.  Doc. 6.  On August 6, 2013, Respondent filed an answer, with exhibits.  Doc. 8.  Petitioner has filed a reply.  Doc. 9.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  The pleadings and attachments before the Court show that Petitioner is

---

[1] The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews.  Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

not entitled to relief and, therefore, the petition should be denied.  *See* Rule 4, R. Gov.

§ 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief" in federal

court).

## **Procedural History**

      Petitioner is an inmate of the Florida Department of Corrections, currently

incarcerated at the Hamilton Correctional Institution in Jasper, Florida.  Doc. 1.  On

December 14, 2009, in Disciplinary Report # 120–091347, while he was incarcerated at

Liberty Correctional Institution, Petitioner was charged with establishing or attempting to

establish a personal or business relationship with a staff member, in violation of Florida

Administrative Code Rule 33-601.314, § 9–35 (2009).  Doc. 8 Ex. A at 1.  Specifically,

the D.R. states in pertinent part:

> On 11– 25 – 09, at approximately 10:00 AM while assigned to monitor the
> inmate telephone system located in the property room, it was determined
> that inmate Garcia, George #K50747 had placed a call on 11 – 22 – 09, at
> 9:10 AM to telephone number [number omitted] an approved number on
> his phone list and that these calls were being forwarded to the personal
> phone of [name omitted], a former staff member who was assigned as a
> nurse in the medical department of Liberty Correctional Institution.  During
> this conversation inmate Garcia and the nurse described a physical
> encounter in medical records during which they had sexual relations in a
> chair.

*Id.*

      On December 17, 2009, Petitioner received notification of the charges and an

investigation began the same day.  *Id.*  Petitioner refused to provide a written statement

to the investigating officer.  *Id.* at 5.  A hearing took place on December 18, 2009.  *Id.* at

9.  The Disciplinary Report Hearing Information indicates Petitioner was present at the

hearing; staff assistance was offered and declined; the charge was read, understanding

was indicated, and the procedures and penalties explained. *Id.* Petitioner entered a plea of not guilty. *Id.* Petitioner was found guilty based on Sgt. Faurot's written statement of facts. *Id.* Petitioner received disciplinary confinement for 60 days and a total loss of gain time of 180 days. *Id.*

Petitioner appealed the findings of the disciplinary hearing to the Warden, stating the facts did not support the charge against him. Doc. 8 Ex. B at 1. On January 13, 2010, the Warden denied the appeal stating the disciplinary review was conducted in accordance with the rules and policies of the department. *Id.* at 2. On January 26, 2010, Petitioner brought the same claim in a subsequent appeal to the Secretary of the Florida Department of Corrections. *Id.* at 3–6. On March 3, 2010, the Department of Corrections issued a response stating, "the response that [Petitioner] received at the institutional level has been reviewed and is found to appropriately address the concerns that [Petitioner] raised at the institutional level as well as the central office level." *Id.* at 6.

On March, 25, 2010, Petitioner filed a writ of mandamus in the Second Judicial Circuit, Leon County, Florida. Doc. 8 Ex. C. Petitioner alleged the Department's failure to interview persons with information pertaining to the infraction was a violation of Petitioner's due process, and a violation of Florida Administrative Code Rule 33-601.305(3). Doc. 3 at 4. On May 16, 2011, the court issued an order denying mandamus relief. Doc. 8 Ex. G.

On June 15, 2011, Petitioner filed a petition for writ of certiorari in the First District Court of Appeal (DCA). Doc. 8 Ex. H. On September 30, 2011, Respondent responded to the petition for writ of certiorari. Doc. 8 Ex. J. On January 23, 2012, the

First DCA issued its decision per curiam denying the petition for writ of certiorari on the merits without a written opinion. Doc. 8 Ex. L; *see* online docket for case no. 1D11-3358 at www.1dca.org.

As indicated above, Petitioner filed his § 2254 petition in this Court on January 18, 2013, challenging D.R. # 120–091347, and ultimately filed an amended § 2254 petition. Docs. 1, 3. Respondent filed an answer, with exhibits. Doc. 8. Petitioner filed a reply. Doc. 9.

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Gill v. Mecusker</u>, 633 F. 3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in state court proceedings,' § 2254(d), an additional restriction applies." <u>Cullen v. Pinholster</u>, —— U.S. ——, ——, 131 S. Ct. 1388, 1398, (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted

in a decision that was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

"This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court

rulings, which demands that state court decisions be given the benefit of the doubt.'"

Cullen, 131 S. Ct. at 1398 (quoting Harrington v. Richter, 562 U.S. 86 (2011), and

Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the

record that was before the state court that adjudicated the claim on the merits."  Cullen,

131 S. Ct. at 1388.

      In his § 2254 petition, as amended, Petitioner raises five grounds:

    (1) "Lack of notice," doc. 6 at 5;

    (2) "Denial of exculpatory evidence" for "failure to interview listed witness," *id.* at
        10;

    (3) "Denial of exculpatory evidence" for "failure to produce recorded
        conversation," *id.* at 12;

    (4) "Insufficient evidence," *id.* at 14;

    (5) "Cumulative error," *id.* at 16.

As relief, Petitioner requests this Court hold an evidentiary hearing if necessary, issue a

writ of habeas corpus overturning the disciplinary report, and restore all gain time lost.

*Id.* at 20.

## **Ground 1**

Respondent answers and argues Petitioner received adequate notice because even though the D.R. does not contain the specific date and time of the encounter, both parties described a sexual encounter in their recorded conversation.  Doc. 8 at 8. Respondent argues, in effect, Petitioner admitted to the sexual encounter, and therefore, the specific date and time of the sexual encounter has little to do with Petitioner's ability to understand the charges against him.  *Id.*

In Wolff v. McDonnell, 418 U.S. 539, 564 (1974), the Court states, "part of the function of notice is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact.  *See* In re Gault, 387 U.S. 1, 33–34 (1967)."  Wolff, 418 U.S. at 564.  The Court also held "there must be a 'written statement by the fact finders as to the evidence relied on and reasons' for the disciplinary action.  Morrissey v. Brewer, 408 U.S. 471, 489 (1972)."  Wolff 418 U.S. at 564–65.  As long as the charged party has a chance to marshal the facts, receives clarification of the charges against him, and there is a written statement as to the evidence relied on and reasons for the disciplinary action, notice is adequate and there will not be a constitutional due process violation.  *Id.*

In this case, the Second Judicial Circuit was not unreasonable in its finding that the specific date and time of Petitioner's sexual encounter was not necessary for Petitioner to understand the nature of the charge against him.  Doc. 8 Ex. G at 5.  The state court also states the D.R. lists the date and time the phone call took place, and in that phone call, Petitioner admits to the sexual encounter, which provided Petitioner with sufficient notice of the crime charged.  *Id.*  Petitioner's claim in ground 1 should be

denied because the state court concluded notice was adequate, and the determination

was not an unreasonable application of law or determination of facts.

## Grounds 2 & 3

As to grounds 2 and 3, Respondent answers and argues that a witness

statement was not collected because the nurse was the subject of an ongoing Inspector

General investigation.  Doc. 8 at 9.  Also, Petitioner made no request for a statement

from the nurse or additional evidence to be presented at his D.R. hearing.  *Id.*

Respondent contends the standard in <u>Wolff</u> only requires Petitioner be afforded the

opportunity to call witnesses and request evidence, and failure to do so results in the

forfeiture of that right.  *Id.*  <u>Wolff</u> states:

> The inmate facing disciplinary proceedings should be allowed to call
> witnesses and present documentary evidence in his defense when
> permitting him to do so will not be unduly hazardous to institutional safety
> or correctional goals… we must balance the inmate's interest in avoiding
> loss of good time against the needs of the prison, and some amount of
> flexibility and accommodation is required.  Prison officials must have the
> necessary discretion to keep the hearing within reasonable limits and to
> refuse to call witnesses that may create a risk of reprisal or undermine
> authority.

<u>Wolff</u>, 418 U.S. at 566.

It was not unreasonable for the Second Judicial Circuit to determine the failure to

interview the nurse did not violate Rule 33-601.305(3), F.A.C., because the nurse was

the subject of a criminal investigation.  Doc. 8 Ex. G at 4–5.  As stated in <u>Wolff</u>, the only

requirement is the inmate should be provided the opportunity to call witnesses and

present evidence in his defense, which must be balanced against the needs of the

prison.  *Id.* at 566.  Many circuits are in agreement that the right to call a witness may be

waived by inaction.  *See, e.g.*, <u>Cox v. Malone</u>, 199 F. Supp. 2d 135 (S.D. N.Y. 2002),

*aff'd*, 56 F. App'x. 43 (2d Cir. 2003) (stating inmate waived his right to call witness at disciplinary hearing by failing either to reiterate his request for witness testimony when given opportunity or to lodge any procedural objections at close of hearing); Banuelos v. McFarland, 41 F. 3d 232 (5th Cir. 1995) (prisoner's due process rights were not violated despite having no testimony presented on his behalf because he forfeited his right when he failed to call witnesses after notification of the hearing); Hamilton v. O'Leary, 976 F. 2d 341 (7th Cir. 1992) (holding that failure of prison officials to call correctional officers involved in search of inmate's cell as witnesses in disciplinary hearing did not violate due process where prisoner was given an opportunity to call witnesses but failed to do so).

Further, the record shows Petitioner waived his right to call a witness.  Doc. 8 Ex. A at 6.  The record indicates no box was marked in the section which required Petitioner to signify he had witnesses to call for the D.R. hearing.  *Id.*  Section I of the form states, "failure to complete and sign Section II of this form will result in a waiver of the opportunity to call witnesses either live or by written statement."  *Id.*

As to the recorded conversation, Petitioner did not request that this evidence be presented at the hearing.  *Id.* at 7.  The record shows Petitioner marked the box stated "I do not have any evidence."  *Id.*  The form indicates that this action by Petitioner results in a waiver of the opportunity to present evidence at the D.R. hearing.  *Id.* Petitioner's claims in grounds 2 and 3 should be denied because the state court was not unreasonable in its determination that Respondent was not required to call the witness pursuant to Department Rule 33-601.305(3), F.A.C., and Petitioner waived his right to

call a witness and present evidence in his defense by failing to mark the proper section

on the form.

### Ground 4

As to ground 4, Respondent answers and argues the decision to revoke a

prisoner's good time credits need only be supported by some evidence, even if that

evidence might be characterized as meager.  Doc. 8 at 10; Superintendent, Mass. Corr.

Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).

The Supreme Court held "the requirements of due process are satisfied if some

evidence supports the decision by the prison disciplinary board to revoke credits."  Hill,

472 U.S. at 454–455.  The Court explained:

> Revocation of good time credits is not comparable to a criminal conviction,
> and neither the amount of evidence necessary to support such a
> conviction nor any other standard greater than some evidence applies in
> this context.

Id. at 456.  Florida courts recognize the same "some evidence" standard of Hill by

requiring no more than a modicum of evidence to support the disciplinary conviction.

Cason v. McDonough, 943 So. 2d 861, 862 (Fla. 1st DCA 2006).  The evidentiary

standard for a disciplinary action is significantly lower than that which is required to

sustain a criminal conviction.  Smiley v. State, 948 So. 2d 964, 965 (Fla. 5th DCA 2007)

(stating the standard is below beyond a reasonable doubt, and below preponderance of

the evidence).

The Second Judicial Circuit stated in the denial of mandamus relief:

> Sgt. Faurot's statement provides sufficient direct evidence to support a
> finding of guilt, satisfying the 'some evidence' standard of Hill.  Hrbek v.
> Nix, 12 F. 3d 777, 781 (8th Cir. 1993) ('we agree that disciplinary actions
> may be taken – and often they are – based only on a guards report.'), cert.
> denied, 513 U.S. 926 (1994).

Doc. 8 Ex. G at 4.  The conviction based on Sgt. Faurot's statements in the D.R. alone is sufficient to uphold the disciplinary action taken.  <u>Hrbek v. Nix</u>, 12 F. 3d 777, 781 (8th Cir. 1993).  Petitioner's claim in ground 4 should be denied because it was not unreasonable to determine the sergeant's report provided sufficient evidence to sustain a revocation of gain time credits.

## **Ground 5**

Respondent is correct in asserting none of the claims Petitioner raises in his amended § 2254 federal habeas petition rise to the level of a constitutional violation, and all four considered together do not amount to a violation of Petitioner's constitutional rights.  Doc. 8 at 11.  Petitioner's claim in ground 5 should be denied because the cumulative effect of the four allegations does not rise to the level of a constitutional violation.

## **Conclusion**

Petitioner has not demonstrated entitlement to federal habeas relief.  The state court's denial of relief was neither contrary to, nor involved an unreasonable application of, clearly established federal law.  28 U.S.C. § 2254(d).  The amended § 2254 petition (Doc. 6) should be denied.

## **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).  The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the amended § 2254 petition for writ of habeas corpus (Doc. 6) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.  The clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on February 23, 2015

s/ Charles A. Stampelos_____
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**